FILED
United States Court of Appeals
Tenth Circuit

November 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLEDITH BOHANON,

      Plaintiff - Appellee,

v.

DAN SCHNURR,

      Defendant - Appellant.

No. 18-3180
(D.C. No. 5:18-CV-03200-SAC)
(D. Kan.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY***

Before **PHILLIPS**, **MCKAY**, and **O'BRIEN**, Circuit Judges.

In 1980, Cledith Bohanon was sentenced by the district court of Sedgwick County,

Kansas, to 25 years to life in the Kansas Department of Corrections (KDOC) for

aggravated assault on a law enforcement officer, aggravated assault, and aggravated

battery.  The Kansas Court of Appeals (KCA) affirmed his convictions and sentence on

direct appeal.

Over thirty years later, in May 2017, Bohanon filed a pro se motion in the

Sedgwick County district court seeking release from prison because, he claimed, he had

---

    * This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

completed his sentence. At that time, he was incarcerated in Reno County, Kansas. The state court concluded it was without jurisdiction to address the motion. Because he was challenging the KDOC's calculation of his release date rather than the legality of his original sentence, the district court of incarceration (Reno County), not the district court of sentencing (Sedgwick County), had jurisdiction to hear his claim. The KCA affirmed.

Bohanon then filed a pro se 28 U.S.C. § 2254 habeas corpus petition, which the district judge construed as a 28 U.S.C. § 2241 petition because it challenged the execution of his sentence, rather than its validity. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citation omitted).) He *sua sponte* dismissed the petition without prejudice because Bohanon had failed to exhaust his state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted by Supreme Court precedent."). To properly exhaust, the judge said, Bohanon first must file his claims in the state district court where he is incarcerated (which he did not do) and, if not successful, pursue relief through the state appellate courts, including seeking review with the Kansas Supreme Court.

The judge denied a certificate of appealability (COA) so Bohanon seeks one here. *See Montez*, 208 F.3d at 867 (10th Cir. 2000) (a state prisoner must obtain a COA to

appeal from the dismissal of § 2241 petition). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Bohanon wholly fails to satisfy his burden.

He simply says the judge erred, cites the COA standard, and asks us to remand to the district court for entry of the habeas corpus writ and immediate release. Absent is <u>any argument as to how the judge erred</u>. Notably, he does not dispute that the state courts have not had the first opportunity to address his claims because he filed them in the wrong state district court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to exhaust state court remedies, the petitioner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review)" (quotation marks omitted)), *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."). Nor does he dispute he has state court remedies available to exhaust—he can still file his claims in the correct state district court and, if unsuccessful, appeal to the KCA and Kansas Supreme Court.

Because the judge's decision is not reasonably debatable, we **DENY** a COA and **DISMISS** this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge